UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ALVARADO, | No. SACV 15-1287 PSG (FFM) |
| Petitioner, | ORDER DISMISSING ACTION |
| v. | |
| LORETTA F. LYNCH, Attorney General, | |
| Respondent. | |

## BACKGROUND

*Pro se* petitioner, Felix Alvarado, filed a document entitled "Petition for Writ of Coram Nobis" (the "Petition") along with a motion for appointment of counsel on or about August 9, 2015.[1]  The Court construes the filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[1]  Under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), a *pro se* habeas petitioner's state and federal filings may be construed as filed on the date they were submitted to prison authorities for mailing.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Huizar v. Carey*, 273 F.3d 1220, 1222-23 (9th Cir. 2001).  The signature on the filing is dated August 9, 2015.  The postmark on the envelope containing the filing is dated August 10, 2015.

On August 13, 2015, the Court issued a minute order denying petitioner's motion for appointment of counsel. Petitioner's service copy of that order was returned to the Court as undeliverable on September 29, 2015. The Court issued an Order Requiring Response to Petition (Federal Custody) on August 14, 2015. Petitioner's service copy of that order was returned to the Court as undeliverable on September 24, 2015. On August 17, 2015, the Court Clerk sent a notice of judge assignment to petitioner. The Clerk's notice was returned to the Court as undeliverable on September 29, 2015.

On September 14, 2015, respondent filed a motion to dismiss the Petition on the ground that petitioner had been removed to Honduras, which mooted the Petition. The Court has received no opposition to the motion from petitioner.

## DISCUSSION

On September 3, 2015, petitioner was removed from the United States. (Respondent's Motion to Dismiss, Exhibit E.) Because the Petition only challenged petitioner's conditions of confinement, and because petitioner is no longer in ICE custody, there is no relief that the Court can give to petitioner. Federal courts lack jurisdiction to consider moot questions. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) ("throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision'") (citation omitted); *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (*per curiam*) (federal courts do not have jurisdiction to consider moot claims); *see also, Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991).

The instant Petition is not reviewable under the exception to mootness for cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (*per curiam*). This exception applies only where: (1) the challenged action is in its duration too short to be fully litigated

prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.  *Spencer*, 523, U.S. at 17.

While petitioner's confinement is capable of repetition if he were to come back to the United States, any such future confinement would have to be judged on its merits and not on the merits of the current Petition.  Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions.  *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 869 (1982).  Therefore, the Petition is subject to dismissal without prejudice for lack of jurisdiction.

Moreover, Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

To date, petitioner has not notified the Court of his new address and, as a result, orders served on petitioner are being returned to the Court as undeliverable.  Under these circumstances, the Court has no way of communicating with petitioner. Accordingly, this action is also subject to dismissal without prejudice for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962); Fed. R. Civ. P. 41(b).

/ / /

/ / /

/ / /

/ / /

Therefore, **IT IS ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 8, 2015

_____
PHILIP S. GUTIERREZ
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

4